**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

THERESA I.,

            Plaintiff,

     v.                                            3:17-CV-1317
                                                    (DJS)

NANCY A. BERRYHILL, *Acting Commissioner of
Social Security*,

            Defendant.

**APPEARANCES:**                       **OF COUNSEL:**

LACHMAN & GORTON              PETER A. GORTON, ESQ.
Counsel for Plaintiff
1500 East Main Street
P.O. Box 89
Endicott, New York 13761-0089

SOCIAL SECURITY ADMINISTRATION    JOHANNY SANTANA, ESQ.
Office of Regional General Counsel       Special Assistant U.S. Attorney
Counsel for Defendant
26 Federal Plaza - Room 3904
New York, New York 10278

**DANIEL J. STEWART
United States Magistrate Judge**

## **MEMORANDUM-DECISION AND ORDER**[1]

Currently before the Court, in this Social Security action filed by Theresa I. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the

---

[1] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 8 & General Order 18.

Commissioner") pursuant to 42 U.S.C. §§ 405(g), are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 10, 15 & 18. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is **granted,** and Defendant's Motion for Judgment on the Pleadings is **denied**. The Commissioner's decision denying Plaintiff's disability benefits is **reversed** and **remanded** for further proceedings.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1963. Dkt. No. 9, Admin. Tr. ("Tr."), p. 305. Plaintiff reported completing high school. Tr. at p. 311. Plaintiff has past work experience as a stock person, cashier, working with a paper company, and as a receptionist. Tr. at p. 311. Plaintiff alleges disability due to a left ankle injury, a broken left knee cap, chronic joint pain, and chronic fatigue. Tr. at p. 310 & 379.

### B. Procedural History

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income on September 24, 2014. Tr. at pp. 11 & 305-317. She alleged a disability onset date of June 1, 2013. Tr. at p. 305. Plaintiff's applications were initially denied on November 25, 2014, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 161-166 & 172-173. Plaintiff appeared at a hearing before ALJ Kenneth Theurer on April 26, 2017. Tr. at pp. 32-79. On May

19, 2017, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 11-22. On October 27, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-6.

### C. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff meets the insured status requirements under the Social Security Act through June 30, 2013 and that she had not engaged in substantial gainful activity since June 1, 2013, the alleged onset date. Tr. at p. 13. Second, the ALJ found that Plaintiff had the following severe impairments: status post ankle surgery, degenerative joint disease in the knee, and status post abdominal and gastrointestinal surgeries. Tr. at p. 13. Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at p. 15. Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

> lift ten pounds occasionally, sit for approximately six hours, stand or walk for approximately two hours in an eight hour day, with normal breaks, occasionally climb ramps or stairs, and occasionally balance stoop, and crouch. The claimant should never climb ladders, ropes or scaffolds and should never kneel or crawl. The claimant needs to alternate from a seated to a standing position once per hour for no more than five minutes, while remaining on task. She requires the use of a cane

3

> for prolonged ambulation, but retains the ability to carry small items in her free hand. This is consistent with the ability to perform less than the full range of sedentary work as defined in 20 CFR 404.1567(a) and 516.967(a).

Tr. at p. 15. Fifth, the ALJ found that Plaintiff could perform her past relevant work as a receptionist. Tr. at p. 21. The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at p. 21.

### D. The Parties' Briefing on Their Cross-Motions

Plaintiff raises three issues for consideration by the Court. *See generally* Dkt. No. 10, Pl.'s Mem. of Law. First, Plaintiff contends that the ALJ erred in failing to properly consider or give weight to the opinion of Dr. Lawrence Wiesner, one of her treating providers. *Id.* at pp. 6-13. Second, that the ALJ erred in finding that Plaintiff could perform her past relevant work. *Id.* at p. 14. Finally, Plaintiff alleges that Defendant failed to sustain her burden of showing that there are jobs existing in significant numbers in the national economy that Plaintiff could perform. *Id.*

In response, Defendant contends that there was no error in the ALJ's analysis of the medical opinions in Plaintiff's case. Dkt. No. 15, Def.'s Mem. of Law at pp. 3-12. Defendant contends that the ALJ performed an appropriate review of the medical record, made an RFC determination that was supported by substantial evidence in the record, and that the finding that Plaintiff was not disabled should be affirmed. *Id.* In particular, Defendant contends that there was no error in the ALJ's assessment of Dr. Weisner's

4

opinion. *Id.* at pp. 5-8. As to Plaintiff's two additional arguments, Defendant contends only that these are intertwined with Plaintiff's RFC argument and should be rejected for the same reasons advanced as to that issue. *Id.* at p. 12.

## II. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than

5

one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

6

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff's primary submission to the Court is that the ALJ erred in not properly considering the opinion of Dr. Lawrence Weisner, one of Plaintiff's treating physicians.

7

Pl.'s Mem. of Law at pp. 6-13. Upon review of the record, the Court agrees with Plaintiff and remands the matter for further proceedings.

Under the Regulations, a treating physician's opinion as to the nature and severity of a claimant's impairment is entitled to "controlling weight" when it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. § 416.927(d)(2); *see also Rosa v. Callahan*, 168 F.3d 72, 78-79 (2d Cir. 1999). "In order to override the opinion of a treating physician . . . the ALJ must explicitly consider, *inter alia*: (1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013); *see also Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015).

"Under the applicable regulations, the Social Security Administration is required to explain the weight it gives to the opinions of a treating physician." *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir.1999); *see also* 20 C.F.R. §§ 404.1527(c)(2) & 416.927(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion."). Here, the ALJ failed to do so as it relates to Dr. Weisner's opinion. After noting the limitations Dr. Weisner found regarding Plaintiff's functional abilities, the ALJ noted only that Dr. Weisner "did not identify what diagnoses or conditions cause these limitations." Tr. at p. 21. Though he

8

clearly did not afford controlling weight to this opinion, the ALJ did not specifically state what, if any, weight he was affording to it. This omission is particularly striking in this case given that the ALJ made this type of particularized finding regarding each of the other eleven medical opinions he considered. *See* Tr. at pp. 18-20; *see also* Def.'s Mem. of Law at p. 8 ("the ALJ also explained the basis and weight assigned to all other opinions in the record.").[1]

The ALJ's unexplained failure to recite how much weight he was affording Dr. Wiesner's opinion warrants remand. "In the absence of a specific allocation of weight to each opinion and clearly stated reasons for such weight, the court cannot ascertain whether the ALJ correctly applied the treating physician rule in assessing plaintiff's eligibility for disability benefits." *Robinson v. Astrue*, 2010 WL 3924680, at *3 (E.D.N.Y. Sept. 29, 2010). Courts have routinely reached similar conclusions and remanded matters to Defendant when the ALJ fails to indicate the weight given to a particular medical opinion. *See, e.g.*, *Robles v. Astrue*, 2013 WL 1180417, at *2 (S.D.N.Y. Mar. 19, 2013); *Robinson v. Astrue*, 2010 WL 3924680, at *3; *Kennedy v. Astrue*, 2010 WL 2771904, at *4 (N.D.N.Y. June 25, 2010), *report and recommendation adopted*, 2010 WL 2771895 (N.D.N.Y. July 12, 2010).

---

[1] Defendant argues that Dr. Weisner's opinion was given "little weight," Def.'s Mem. of Law at p. 7, but the ALJ did not make such an express statement and it is unclear how Defendant arrives at this conclusion since the ALJ assessed other opinions with varying levels of weight ranging from no weight at all, to light or some weight, to great weight. Tr. at p. 21. Defendant's conclusory allegation is insufficient to avoid remand. *See Demera v. Astrue*, 2013 WL 391006, at *3 (E.D.N.Y. Jan. 24, 2013) (citing *Snell v. Apfel*, 177 F.3d at 134) ("*post hoc* rationalizations for the ALJ's decision are not entitled to any weight.").

9

Defendant is correct that an error such as this can sometimes be deemed harmless. *See, e.g.*, *Hazelton v. Comm'r of Soc. Sec.*, 2017 WL 1437194 at * 6 (N.D.N.Y. Apr. 21, 2017). In *Hazelton*, while the ALJ did not expressly indicate the weight being afforded to a medical opinion, it was clear that the ultimate RFC determination was consistent with that opinion. As such, any error was harmless. *Id.* This, however, is not an appropriate case for such a finding. Here, the parties vigorously dispute the significance of Dr. Weisner's opinion and the RFC determination reached by the ALJ. The RFC is inconsistent with Dr. Weisner's opinion in significant ways. *Compare* Pl.'s Mem. of Law at pp. 6-9 & Dkt. No. 18, Pl.'s Reply Mem. of Law *with* Def.'s Mem. of Law at pp. 5 & 7-8. The parties also actively dispute the propriety of the ALJ's reliance on other opinions in the record which are counter to Dr. Weisner's opinion. *Compare* Pl.'s Mem. of Law at pp. 11-13 & Pl.'s Reply Mem. of Law at pp. 2-3 *with* Def.'s Mem. of Law at pp. 9-12. As a general matter, the resolution of such factual disputes about the state of medical evidence in the record is best left to the ALJ in the first instance. *Atkinson v. Comm'r of Soc. Sec.*, 2017 WL 1288723, at *7 (N.D.N.Y. Apr. 6, 2017).

An ALJ has an obligation to explain his "decision explicitly and with sufficient specificity that a reviewing court can decide whether there are legitimate reasons for the ALJ's [decision] and whether his decision is supported by substantial evidence." *Stokes v. Comm'r of Soc. Sec.*, 2014 WL 4346427, at *15 (N.D.N.Y. Sept. 2, 2014). Here, the

decision under review does not provide sufficient reasons to substantiate its conclusions and remand is required.[2]

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **REMANDED for further proceedings**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum Decision and Order on the parties.

Dated: March 13, 2019
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[2] Plaintiff's other contentions necessarily relate to the propriety of the RFC determination and in light of the remand ordered here may be raised again to the ALJ.