UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

THERESA I.,

       Plaintiff,

   v.            3:17-CV-1317
                (DJS)

ANDREW M. SAUL, *Comm'r of Soc. Sec.*,[1]

       Defendant.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LACHMAN & GORTON<br>P.O. Box 89<br>1500 East Main Street<br>Endicott, New York 13761-0089 | PETER A. GORTON, ESQ. |
| SOCIAL SECURITY ADMINISTRATION<br>OFFICE OF REGIONAL GENERAL COUNSEL<br>REGION II<br>26 Federal Plaza - Room 3904<br>New York, New York 10278 | JOHANNY SANTANA, ESQ. |

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

### I. INTRODUCTION

On February 19, 2020, counsel to Plaintiff in this action submitted a Motion for Attorneys' Fees. Dkt. No. 25. Defendant submitted a Response to the Motion. Dkt. No. 26. Upon review of the matter, the Court grants Plaintiff's Motion.

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019. The Clerk of Court is respectfully directed to amend the caption.

## II. BACKGROUND

Plaintiff filed a Complaint in this matter on December 6, 2017, seeking review of the Commissioner's determination denying Plaintiff's application for disability benefits. Dkt. No. 1. The parties filed Motions for Judgment on the Pleadings and in March 2019 this Court granted Plaintiff's Motion, remanded the matter for further administrative proceedings, and entered judgment in favor of Plaintiff. Dkt. Nos. 19 & 20. The parties stipulated to Plaintiff's first Motion for Attorneys' Fees pursuant to the Equal Access to Justice Act ("EAJA") and the Court ordered such attorneys' fees awarded. *See* Dkt. No. 24. At that time, $6,000 was awarded and received by counsel. *See id.*; Dkt. No. 25-1. Upon review of the matter on remand, a favorable decision awarding Plaintiff benefits was rendered. *See* Dkt. No. 25-3. Plaintiff's counsel has now filed this Motion. Dkt. No. 25.

Plaintiff's counsel seeks attorneys' fees in the amount of $13,498.75, of which he would remit to Plaintiff the sum of $6,000 previously awarded from the EAJA fees. Dkt. No. 25-1. Defendant states that the Commissioner see no evidence of fraud or overreaching in this case. Dkt. No. 26 at p. 1.

## III. DISCUSSION

The Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A). This Section "calls for court review of [contingent fee] arrangements as an independent check to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The court "must give due deference to the intent of the parties, but it ought not blindly approve every fee request made pursuant to a contingent agreement." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

"[A] requested fee based on a contingent fee arrangement should be enforced unless the court finds it to be unreasonable." *Id.* at 370. In determining whether a fee is reasonable, a court should consider whether the attorney is responsible for a delay in the proceedings, as well as "whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney." *Id.* at 372; *Gisbrecht v. Barnhart*, 535 U.S. at 808. In determining whether an award would constitute a windfall,

> courts in this circuit have identified several relevant considerations, which include: (1) whether the attorney's efforts were particularly successful for the plaintiff, (2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Porter v. Comm'r of Soc. Sec.*, 2009 WL 2045688, at *3 (N.D.N.Y. July 10, 2009) (quoting *Rowell v. Astrue*, 2008 WL 2901602, at *4 (E.D.N.Y. July 28, 2008)). If the court finds the fee is unreasonable, the court "may reduce the fee provided it states the reasons for and the amounts of the deductions." *Id.*

Plaintiff's counsel seeks fees at a *de facto* hourly rate of $438.28.[2] Dkt. No. 25-1. This is well within the range of reasonable fees that have been approved in the past. *See, e.g.*, *Teri L. v. Comm'r of Soc. Sec.*, 2020 WL 777213, at *2 (N.D.N.Y. Feb. 18, 2020) (finding *de facto* hourly rate of $486.93 reasonable); *David B. v. Saul*, 2019 WL 6123780, at *3 (N.D.N.Y. Nov. 19, 2019) (*de facto* hourly rate of $494.98); *Sarah L. v. Colvin*, 2018 WL 6178486, at *3 (N.D.N.Y. Nov. 27, 2018) (*de facto* hourly rate of $650). In any event, "the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." *Wells v. Sullivan*, 907 F.2d at 371. As for the effort expended by the attorney, this is not a case in which the matter was simply remanded upon stipulation of the parties; counsel prepared a Motion for Judgment on the Pleadings which resulted in the matter being remanded the matter for further consideration. Counsel's Motion for Judgment on the Pleadings discussed the material facts and applicable law. The record establishes that the matter was handled efficiently which is an important relevant consideration. *Teri L. v. Comm'r of Soc. Sec.*, 2020 WL 777213, at *2 ("there is no doubt that this case was handled efficiently, at least in part, because of counsel's experience with social security cases"); *Eric K. v. Berryhill*, 2019 WL 1025791, at *2 (N.D.N.Y. Mar. 4, 2019) ("[Counsel's] experience representing Social Security claimants likely contributed to the efficiency with which he handled this

---

[2] "Although the Court cannot rely on the lodestar method to determine whether the fees sought are reasonable, Plaintiff's counsel's record of the time he expended in federal court and the tasks that he performed related to the federal court litigation is one factor that the Court may consider in determining reasonableness." *Whittico v. Colvin*, 2014 WL 1608671, at *5 (N.D.N.Y. Apr. 22, 2014).

case and that it would have required more time from an inexperienced attorney."). In addition, Plaintiff has been awarded significant benefits as a result of the litigation. *See* Dkt. No. 25-3. Finally, in reviewing counsel's time log, it generally appears to reflect appropriate attorney work properly recorded. Defendant concedes that the effective hourly rate sought here generally would not be considered a windfall. Dkt. No. 26. The Court therefore finds that the amount requested would not constitute a windfall.

Finally, the Court notes that there is no question that this Motion is timely. "Unless a statute or a court order provides otherwise, the motion [for attorneys' fees] must: (i) be filed no later than 14 days after the entry of judgment[.]" FED. R. CIV. P. 54(d)(2)(B). This rule applies to Section 406(b) attorneys' fee applications following a district court remand of an agency denial of benefits. *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. Aug. 2, 2019). Because the Commissioner typically calculates benefits "months after the district court remands," however, the timeframe may be tolled pending the Commissioner's calculation of benefits following remand, and then would begin to run upon the claimant receiving notice of the benefits calculation. *Id.* at 86-91. In this case, the Notice of Award is dated February 11, 2020. Dkt. No. 25-3 at p. 1. Plaintiff filed the present Motion on February 19, 2020. Dkt. No. 25. The Motion is therefore timely.

For the reasons set forth above, the Motion is granted.

### IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion for Attorneys' Fees is **GRANTED**; and it is further

**ORDERED**, that Attorney Gorton is awarded the sum of $13,498.75 as fees pursuant to 42 U.S.C. § 406(b), to be paid from the amount withheld by the Commissioner of Social Security from the past due benefits awarded to Plaintiff; and it is further

**ORDERED**, that Attorney Gorton is directed to remit to Plaintiff the sum of $6,000 that was previously awarded (and received) as attorneys' fees pursuant to the EAJA; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action in accordance with the Local Rules.

Dated: March 30, 2020
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge